■ PAUL E. BUSH et al., as Trustees of the New York State Teamsters Conference Pension and Retirement Fund, et al., Appellants, v I. & O. A. SLUTZKY, INC., Respondent. — Order affirmed, with costs. Memorandum: Plaintiffs, trustees of a Teamsters Health and Hospital Fund and a Pension and Retirement Fund (Funds), commenced this action to recover a sum which they claim that defendant, a construction company, was required to pay to the Funds pursuant to a collective bargaining agreement (AGC agreement) between the New York Teamsters Council (Locals 65, 182, 294, 317, 398, 506, 529, 648, 649, 687 and 693) and the Associated General Contractors, of which defendant is a member. In support of a motion for summary judgment, plaintiff trustees assert that defendant employed members of Local 445 to work within the territorial jurisdiction of Locals 65, 398 and 693; that defendant contributed to the Local 445 Pension and Welfare Fund rather than to plaintiffs' Funds; that the AGC agreement requires defendant to contribute to plaintiffs' Funds for all employees working within their territorial jurisdiction; and that defendant's reliance on the instructions of an officer and a business agent for locals which are signatories to the agreement was unwarranted because they are not trustees of the Funds. In opposition to the motion, defendant's vice-president states that he needed to employ drivers of specialized equipment known as concretemobiles and that they were members of Local 445, which is not a party to the AGC agreement; that he asked the union representatives for the locals in whose territory those employees would be working for permission to bring in those drivers; that the representatives consented to such employment and advised him to pay the benefits for those employees directly to their local, which he did; that during an approximately three-year period, those union representatives made many visits to the job site and never objected to defendant's method of paying those benefits; that he had made a good-faith effort to determine the proper method of paying such benefits and that it would be unfair to require defendant to pay the benefits a second time. In reply, the administrator of the Funds stated that management of the Funds is governed by the Employee Retirement Income Security Act (ERISA; US Code, tit 29, § 1001 *et seq.*) and that estoppel may not be asserted to defeat the provisions of the statute. Special Term denied plaintiffs' motion, finding that there is a factual issue as to whether defendant acted reasonably in paying the benefits to the Local 445 Fund rather than to plaintiffs. We agree. Plaintiffs contend that ERISA vests exclusive control over the Funds' assets in the trustees, that defendant's action in paying Local 445 constitutes a diversion of Funds' assets in violation of Federal Law and that estoppel cannot be asserted to defeat the provisions of the Federal statute. The dissenters adopt that position. Subdivision (a) of section 306 of the Multiemployer Pension Plan Amendments Act of 1980 (94 US Stat 1208, 1295) which added section 515 to ERISA (US Code, tit 29, § 1145), provides as follows: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and

conditions of such plan or such agreement." In *Kaiser Steel Corp. v Mullins* (455 US 72, 86, 88), the court held that the statute does not preclude an employer from raising a defense to a claim that he has failed to pay pension benefits so long as it relates directly either to the employer's promise to pay or to the trust fund's entitlement to the contribution (see, also, *Chicago Dist. Council v Dombrowski*, 545 F Supp 325). The estoppel defense here is directly related to both and, consequently, may be asserted. Plaintiffs also argue that it was unreasonable for defendant to rely on representations of local union representatives and that those representations constituted an invalid oral modification of the AGC agreement. Both arguments are without merit. The officials who made the representations to defendant were parties to negotiation of the AGC agreement and signed it on behalf of their respective locals. The agreement specifically provides that any questions or disputes arising thereunder shall be negotiated with the union representatives. When defendant inquired as to the method for paying benefits to the Local 445 employees, the representatives advised that payment should be made directly to the Local 445 Fund because that would be the source of benefits for those employees. Defendant's reliance on that advice seems altogether reasonable but, at the very least, presents a fact question. Although not raised by defendant, we merely note that the AGC agreement requires defendant to contribute to plaintiffs' Funds only for "all of its employees covered by this Agreement". Inasmuch as Local 445 is not a signatory, there appears to be a further question as to whether the agreement is applicable to this dispute. All concur, except Hancock, Jr., J. P., and Boomer, J., who dissent and vote to reverse and grant the motion, in the following memorandum.

Hancock, Jr., J. P., and Boomer, J. (dissenting). We would reverse and grant plaintiffs' motion for summary judgment. Plaintiffs, trustees of the New York State Teamsters Conference Pension and Retirement Fund and of the New York State Teamsters Council Health and Hospital Fund (both funds covered by the Employee Retirement Income Security Act [ERISA]; US Code, tit 29, § 1001 *et seq.*) appeal from the denial of summary judgment in their action against the employer, a member of Associated General Contractors, which has entered into a collective bargaining agreement with a number of local unions (Locals). The collective bargaining agreement provides that the employer will contribute to the designated funds a specified amount per hour worked by any employee working within the jurisdiction of the Locals. Plaintiffs claim that the employer failed to comply with this agreement when, upon hiring members of the Teamsters Union belonging to Local 445 (not one of the Locals party to the collective bargaining agreement), it made the health and retirement benefit payments not to plaintiffs but to the fund in which Local 445 participates. There is no question that the employer was required by the collective bargaining agreement to pay plaintiffs' funds. Indeed, the allegation in plaintiffs' moving affidavit that defendant was bound by the contract to make the payments to the funds instead of the Teamsters Local 445 Pension and Welfare Fund is not denied, and no issue on this score was raised either at Special Term or on appeal. Rather, defendant's sole contention was at Special Term and is here that because union officials representing the Locals advised it to pay not to plaintiffs' funds but to the fund in which Local 445 participates, plaintiffs should not be estopped from claiming that such payments were incorrectly made. Plaintiffs, trustees of the funds, were not consulted and gave no advice on the question. Estoppel is sought based solely on the statement of union officials. The majority agree with Special Term that the motion should be denied because the representations of the union officials and defendant's reliance thereon, if established at trial, could constitute a well-grounded defense to the action based on estoppel. We believe this conclusion is in error

and contrary to controlling Federal law. Payment of the benefits to Local 445's fund instead of to plaintiffs was a direct violation of the contractual terms and, therefore, contrary to the purpose and structure of ERISA which, *inter alia,* imposes on the trustees the duty of ensuring that payments to the employee benefit plans are made in accordance with written agreements between employer and employee representatives (see, generally, US Code, tit 29, § 1002, subd [37], par [A]; § 1102, subd [a], par [1]). The trustees, who have "exclusive authority and discretion to manage and control the assets of the plan" (US Code, tit 29, § 1103, subd [a]), are duty bound to "discharge [their] duties with respect to [the] plan[s] solely in the interest of the participants and beneficiaries" (US Code, tit 29, § 1104, subd [a], par [1]). It would be breach of their fiduciary responsibility and a violation of Federal statutes for plaintiff trustees to waive the right to the payments to which their plans are entitled by contract and to agree that the payments be made to some other fund (cf. *Rosen v Hotel & Rest. Employees & Bartenders Union,* 637 F2d 592, 600-601, cert den 454 US 898). Furthermore, for so much of the period involved as follows the effective date of section 1145 of title 29 of the United States Code, payments to a plan other than those designated in the contract were in direct violation of that section which provides: "Every employer who is obligated to make contributions to a multiemployer plan * * * under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such * * * agreement." Thus, the application of the estoppel doctrine in this case would have the effect of condoning illegal conduct — a result which is prohibited by established Federal law. It is a settled rule that "the doctrine of estoppel may not be invoked to compel an illegal act" (*Thurber v Western Conference of Teamsters Pension Plan,* 542 F2d 1106, 1109, following *Moglia v Geoghegan,* 403 F2d 110, cert den 394 US 919). In *Moglia* and *Thurber,* the courts declined to apply the doctrine of estoppel to compel trustees of pension funds to make payments to employees or their beneficiaries where contributions on behalf of the employees had been made inconsistently with the applicable contracts and Labor Law provisions, reasoning that the purpose of the statutes and contracts, i.e., to protect the rights of the employees, should not be thwarted by application of the doctrine of estoppel to effectuate an illegal act. The same reasoning applies here: the doctrine of estoppel should not be applied here where its effect would be to undermine the protection afforded to employees by contract and statute by permitting illegal diversion of payments from the funds which are entitled to receive them. Moreover, under title 29 (§ 1103, subd [a]) of the United States Code, the trustees "have exclusive authority and discretion to manage and control the assets of the plan"; thus, nothing said by union representatives could serve to estop them or relieve them of their responsibilities to enforce the terms of the plan. Nothing in *Kaiser Steel Corp. v Mullins* (455 US 72, 86-88), cited by the employer, is to the contrary. *Kaiser,* insofar as it may be germane, holds only that Congress, in enacting section 1145 of title 29 of the United States Code, did not intend the section to be a statutory bar to the employer's raising any defense it might have in an action for delinquent accounts owed to retirement funds so long as the defense related to the employer's promise or the plan's entitlement to the contributions. As applied here, *Kaiser* means only that the defendant is not precluded by the statute from raising estoppel as a defense. *Kaiser,* of course, does not transform defendant's plea of estoppel into a valid and effective defense when, by virtue of established law, the defense is lacking in merit (see *Moglia v Geoghegan, supra*). We conclude that, under the circumstances here, the defense of estoppel is ineffectual as a matter of law. No other defenses are raised and there are no factual issues. Summary judgment should have been granted. (Appeal from

order of Supreme Court, Oneida County, McLaughlin, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.